# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| NICKOLAS SHEEDY, CHELSEA SHEEDY, ROSEANNA HODGES, and KENNETH HODGES,<br><br>Plaintiffs,<br><br>v.<br><br>BSB PROPERTIES, LC, d/b/a MIDVALE STORAGE CENTER; PEAK DEVELOPMENT PROVO; FIDELITY SELF STORAGE, LLC, d/b/a AIRPORT SELF STORAGE, and BRIAN K. SNELSON,<br><br>Defendants. | **ORDER RE DEFENDANTS' MOTION IN LIMINE RE FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS**<br><br>Case No. 2:13-CV-00290-JNP<br><br>Judge Jill N. Parrish |

Before the court is "Defendants' Motion in Limine and Memorandum in support of Restricting Plaintiffs From Arguing or Submitting Evidence of Alleged Fraud or Misrepresentations not Contained in Plaintiffs' Amended Complaint." (Docket 366). Defendants assert that fraud and negligent misrepresentation must be plead with particularity and that the sole allegation of fraudulent or negligent misrepresentation in Plaintiffs' Amended Complaint is that Defendants misrepresented that they would pay each Plaintiff $20,000 per year for two years if they moved to Utah to respectively manage Midvale and Airport Storage.

Plaintiffs respond that other allegations of their complaint were incorporated by reference into their fraud and negligent misrepresentation claims and that, in any event, the parties' joint stipulated pretrial order contained the following description of their claims:

> Based thereon they relied upon Defendants' representations and moved to Utah to accept employment. Both couples were promised moving expenses and $ 20,000

      a year, to be paid to each spouse, with a performance-based bonus up to $ 10,000 a year.

Plaintiffs further assert that even if the fraud and negligent representation claims are limited to the specific representations contained in Second Amended Complaint, plaintiffs can still discuss the understanding they had regarding their contract with Defendants and that all statements should be taken into consideration by the jury in determining their lost income damages.

      While the general allegations of the Second Amended Complaint contain a reference to a potential bonus based upon performance and the fact that plaintiffs would also receive an on-site apartment, utilities and DSL internet, the only apparent material difference between the general allegations and the misrepresentation alleged in the fraud and negligent misrepresentation claims appears to relate to the potential of a bonus based on performance.[1] While that alleged misrepresentation was alleged as a background fact in Plaintiffs' Second Amended Complaint, it was not plead as part of plaintiffs' claims for fraud and negligent misrepresentation.

      Because claims of fraud and negligent misrepresentation must be plead with particularity, the only misrepresentations on which plaintiffs may base those claims are the ones specifically identified in their Second Amended Complaint--that defendants fraudulently misrepresented that they would pay each Plaintiff $ 20,000 per year for two years if they moved to Utah to manage Midvale and Airport Storage.[2]

      This does not mean, however, that plaintiffs' testimony as to the other promises that defendants allegedly made to them is inadmissible. Indeed, such testimony is relevant to

---

[1] There appears to be no dispute that plaintiffs were in fact provided with on-site apartments and utilities.

[2] Accordingly, in closing arguments, plaintiffs will be limited to those particular representations when discussing their fraud and negligent misrepresentation claims and any damages awarded on those claims will be similarly limited.

plaintiffs' claims for damages on their Tenth Cause of Action for wrongful termination in violation of Utah public policy.  It is also relevant as part of the general background narrative of plaintiffs' story.

Dated March 8, 2016.

BY THE COURT:

_____
Judge Jill N. Parrish
United States District Court