IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NICKOLAS SHEEDY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BSB PROPERTIES, LC, et al.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR NEW TRIAL OR TO AMEND THE JUDGMENT**<br><br>Case No. 2:13-cv-290-JNP<br><br>Judge Jill N. Parrish |

Before the court is Plaintiffs Nickolas Sheedy's, Chelsea Sheedy's, Kenneth Hodges's, and Roseanna Hodges's Motion for New Trial or to Amend the Judgment (Docket 404). Pursuant to DUCivR 7-1(f), the court determined that oral argument would not be helpful or necessary to resolve Plaintiffs' motion. After careful consideration of the record, relevant law, and parties' memoranda, the court DENIES Plaintiffs' Motion for a New Trial.

## BACKGROUND

On March 2, 2016, the court held an eight-day jury trial on Plaintiffs' claims. Plaintiffs did not file a Federal Rule of Civil Procedure 50 motion for a judgment as a matter of law before the case was submitted to the jury.

On March 11, 2016, the jury left to deliberate at approximately 2:10 p.m., and at approximately 5:00 p.m., the jury notified the court that it had reached a verdict. The jury found for the Defendants, returning a no cause verdict on all of Plaintiffs' claims. The jury also found for Ms. Hodges with regard to Defendants' release counterclaim, finding that the release agreement was a valid contract but that Ms. Hodges had entered the agreement under duress.

On May 2, 2016, Plaintiffs filed a Motion for New Trial or to Amend the Judgment

(Docket 404).[1] In their motion, Plaintiffs argue that they are entitled to a new trial because they were unduly prejudiced when (1) Defendants were allowed to argue that "Mr. Sheedy was dishonest for changing his mind regarding his intent to file for a workers compensation waiver," "Plaintiffs had a duty to complain to Defendants that they should have been treated as employees instead of independent contractors," "Plaintiffs had waived their right to claim that they were owed minimum and overtime wages and they had been wrongfully terminated," and "Mr. Snelson[] was not involved in the day-to-day operations of the Defendants' businesses." Plaintiffs further argue that they are entitled to a new trial because (2) "Defendants provided no evidence that established a valid reason for terminating the Hodges;" (3) "Defendants' counsel was allowed to question Mr. Hodges regarding his contacts with his attorney;" (4) "the jurors could not have reviewed all 600 pages of emails between the parties, let alone the additional evidence that was introduced during the trial;" and (5) "as to the Sheedys' claim of wrongful termination, the jury's verdicts against the Sheedys are not supported by any admissible evidence." Plaintiffs do not cite to any case law in support of these arguments. Nor do they identify any objections that they made during trial as to any of these arguments.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(a), "The court may, on motion, grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." But "[a] principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice will result." *Cyprus Fed. Credit Union v. CUMIS Ins. Soc'y, Inc.*, 638 F. App'x 751, 754 n.1 (10th Cir. 2016) (quoting *United States v. Walton*, 909 F.2d 915,

---

[1] Pursuant to Rule 59(b), "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Because the Clerk of Court entered the judgment in this case on April 4, 2016, the Plaintiffs' motion for new trial was timely.

924 (6th Cir. 1990)); 11 CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. CIV. § 2805 (3d ed. 2016); *see also Cottman v. Aurora Pub. Schs.*, 85 F. App'x 83, 88 (10th Cir. 2003) (affirming a district court's rejection of a motion for new trial where the movant "had not objected at trial . . . nor 'shown that the fundamental fairness of the trial was affected by the proceedings'" (internal citations omitted)). Thus, "a party must lay the necessary predicate to a motion for new trial during the trial." *Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 749 F. Supp. 2d 1235, 1256 (D.N.M. 2010) (citing WRIGHT & MILLER, *supra*, § 2805). And "Rule 59 may not be used to 'seek a second trial on the basis of a theory not urged at the first trial.'" *Id.* (citing WRIGHT & MILLER, *supra*, § 2805).

"[T]he court is still permitted to entertain a Rule 59 motion for new trial on the basis that the verdict was based on a quantum of evidence that is insufficient as a matter of law." *Id.* at 1254 (holding that a court can consider a Rule 59 motion for new trial even if the parties failed to file a Rule 50 motion for judgment as a matter of law). Thus, "[i]f 'a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence.'" *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)).

When considering a Rule 59(a) motion for a new trial, all evidence must be viewed in the light most favorable to the prevailing party. *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir. 2006). A motion for a new trial under Rule 59(a) "normally involves a review of the facts presented at trial, and thus involves the discretion of the trial court." *Elm Ridge Expl. Co. v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (quoting *Escue*, 450 F.3d at 1157). Thus, the district

court's ruling on a Rule 59(a) motion is evaluated under an abuse of discretion standard. *Id.* [2]

**ANALYSIS**

Plaintiffs argue that they are entitled to a new trial because (1) Plaintiffs were unduly prejudiced when Defendants were allowed to make certain arguments at trial and question Mr. Hodges regarding his contacts with his attorney; (2) Defendants provided no evidence that established a valid reason for terminating the Plaintiffs' employment; and (3) the jurors could not have reviewed all of the evidence introduced at trial during their three hours of deliberation. Each of these arguments is addressed below.

> 1. **Undue Prejudice Resulting From Defendants' Arguments at Trial and Questioning of Mr. Hodges' Contacts with His Attorney**

Plaintiffs contend that they are entitled to a new trial because Plaintiffs were unduly prejudiced when Defendants were allowed to make certain arguments at trial. Specifically, Plaintiffs argue that they were prejudiced when Defendants were allowed to argue that "Mr. Sheedy was dishonest for changing his mind regarding his intent to file for a workers compensation waiver," "Plaintiffs had a duty to complain to Defendants that they should have been treated as employees instead of independent contractors," "Plaintiffs had waived their right to claim that they were owed minimum and overtime wages and they had been wrongfully terminated," and "Mr. Snelson[] was not involved in the day-to-day operations of the Defendants' businesses." Plaintiffs further argue that they were prejudiced when defense counsel was allowed to question Mr. Hodges regarding his contacts with his attorney.

But Plaintiffs' motion for a new trial does not identify any objections they made at trial with respect to each of these allegedly prejudicial arguments. Nor do Plaintiffs identify any

---

[2] Plaintiffs style their motion as a "Motion for New Trial or to Amend the Judgment." Yet all of Plaintiffs' arguments are focused on Rule 59(a). At no point in either their motion or reply memoranda do Plaintiffs address Rule 59(e) and their motion to amend the court's judgment. Accordingly, the court limits its analysis to those arguments properly before it, namely, Plaintiffs' Rule 59(a) motion for new trial.

4

objections they made regarding the evidence presented by Defendants, defense counsel's line of questioning, or the jury instructions *requested by Plaintiffs* that addressed many of their concerns regarding Defendants' arguments. "[A] new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result." WRIGHT & MILLER, *supra*, § 2805. Because Plaintiffs failed to object to these arguments during trial, the court will only grant their motion for a new trial if the alleged error resulting from these allegedly prejudicial arguments "was so fundamental that gross injustice would result." *Id.*

Plaintiffs' motion for new trial does not identify how the court's alleged error in allowing these allegedly prejudicial arguments resulted in "gross injustice." *See id.* First, Plaintiffs argue that Defendants should not have been able to argue that Mr. Sheedy was dishonest for changing his mind with regard to his intent to file a workers compensation waiver. Specifically, Plaintiffs contend that arguments regarding an employee's need to file a workers compensation waiver "are inimical to public policy and would legally encourage and condone employers to engage in multitudinous nefarious conduct." Because of this, Plaintiffs argue that it was inappropriate for the court to allow Defendants to make this argument. Plaintiffs further argue that this argument "impermissibly disposed the jury against [Mr. Sheedy] and also tainted their attitude towards the remaining Plaintiffs."

But Plaintiffs have not shown that allowing these allegedly prejudicial arguments resulted in "gross injustice." *See id.* Indeed, per Plaintiffs' request (Docket 371), the court gave the jury the following limiting jury instruction: "The parties have stipulated or agreed that the Plaintiffs were Defendants' employees and were never independent contractors. *This is true despite any evidence or testimony suggesting that Plaintiffs were independent contractors*." (Jury Instr. No.

25 (emphasis added)). Similarly, the court also included the following limiting instruction:

> During this trial, some evidence was presented suggesting that Plaintiffs had a contractual duty or legal obligation to obtain business licenses and/or workers' compensation waivers. Because of the parties' stipulation that Plaintiffs were Defendants' employees, Plaintiffs had no obligation or duty to obtain business licenses or workers' compensation waivers. Evidence regarding the issuance of waivers of coverage for workers compensation coverage and the issuance of business licenses to plaintiffs was admitted for the limited purpose of showing the parties' knowledge, if any, at the relevant times.

(Jury Instr. No. 26).[3]

These limiting jury instructions—given at Plaintiffs' request—explicitly told the jury not to consider Defendants' arguments regarding Plaintiffs' need to obtain workers' compensation waivers. Because the court presumes that the jury followed these instructions, Plaintiffs have not shown that allowing these allegedly prejudicial arguments resulted in "gross injustice." *See id.*

And Plaintiffs have similarly failed to show that these arguments, to the extent they were made during Defendants' closing arguments, resulted in gross injustice. The court instructed the jury that

> You must base your decision only on the evidence that you saw and heard here in court. Evidence includes what the witnesses said while they were testifying under oath and any exhibits admitted into evidence.
> Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their objections are not evidence. My legal rulings and comments, if any, are not evidence. In reaching a verdict, consider all the evidence as I have defined it here, and nothing else. You may also draw all reasonable inferences from that evidence.

(Jury Instr. No. 12). And the court instructed the jury that "[w]hat [the lawyers] say during their closing arguments is not evidence. . . . If they say anything about the law that conflicts with these instructions, you are to rely on these instructions." (Jury Instr. No. 6); *see also Ryan Dev.*, 711 F.3d at 1172 (holding that there was no prejudice caused by the parties' arguments when "the

---

[3] The court also instructed the jury that "[s]ome evidence is received for a limited purpose only. When I instruct you that an item of evidence has been received for a limited purpose, you must consider it only for that limited purpose." (Jury Instr. No. 15).

6

jury was instructed that closing arguments are not evidence"). Thus, Plaintiffs have not met their burden of showing that Defendants' arguments resulted in gross injustice.

Second, Plaintiffs contend that they were prejudiced when Defendants were allowed to argue that Plaintiffs had a duty to complain to Defendants regarding Plaintiffs' employment status and that Plaintiffs waived their right to claim minimum and overtime wage and wrongful termination claims. Specifically, Plaintiffs assert that they were prejudiced by these arguments because these arguments "would eviscerate the FLSA" and prevent virtually all workers with misclassified employment statuses from bringing a claim under the FLSA.

Again, Plaintiffs have not identified how Defendants' arguments resulted in gross injustice. As discussed above, Jury Instruction Numbers 25 and 26 instructed the jury on how to evaluate Plaintiffs' employment status. Thus, Plaintiffs have not met their burden of showing the alleged error resulting from these allegedly prejudicial arguments "was so fundamental that gross injustice would result." WRIGHT & MILLER, *supra*, § 2805.

Third, Plaintiffs argue that they were prejudiced when Defendants were allowed to argue that Mr. Snelson was not involved in the day-to-day operations of Defendants' businesses. Specifically, Plaintiffs argue that "[i]t was in bad faith for Defendants to have contested this issue" and that Plaintiffs were prejudiced due to the time it took to address this issue.

But this was a disputed issue of material fact before the jury. In Jury Instruction Number 43, the court explained the following:

> Plaintiffs assert that Mr. Snelson is personally liable for any failure to pay minimum and overtime wages required under the Fair Labor Standards Act. For Mr. Snelson to be personally liable for failure to pay minimum or overtime wages to an employee, plaintiffs must prove by a preponderance of the evidence that Mr. Snelson had operational control of a covered enterprise. Operational control of covered enterprises means management, oversight, or supervision of some or all of the following activities: compensation and benefits; employee hours; payroll; or employment records.

7

Indeed, Questions 83 and 84 on the Special Verdict Form asked the jury, "Do you find by a preponderance of the evidence that Brian Snelson had operational control of a covered enterprise at Midvale Storage Center?" An identical question was given with regard to Airport Self Storage. Plaintiffs did not object to either Jury Instruction Number 43 or to either of these questions on the special verdict form.

Because this was a live question for the jury, Defendants did not act in bad faith in contesting this issue. And in any event, Plaintiffs have failed to show that Defendants' arguments on Mr. Snelson's operational control resulted in gross injustice.

Finally, Plaintiffs argue that Defendants should not have been allowed to question Mr. Hodges about his contact with his attorney prior to his termination. Specifically, Plaintiffs contend that this line of questioning "allowed the jurors to speculate as to . . . the communications between Mr. Hodges and his attorney" and prejudiced the jurors against the Hodgeses.

Again, Plaintiffs have not met their burden of showing that these arguments resulted in gross injustice. In their motion for a new trial, Plaintiffs do not identify the line of questioning that was allegedly prejudicial. Nor do Plaintiffs state how such questioning prejudiced the jurors against the Hodgeses. Because Plaintiffs have not met their burden of showing gross injustice, the court denies their motion for a new trial based on this line of questioning.

In short, Plaintiffs have not met their burden of establishing that the result of these allegedly prejudicial arguments was a "gross injustice." WRIGHT & MILLER, *supra*, § 2805.

### 2. Defendants' Lack of Evidence Establishing a Valid Reason for Terminating Plaintiffs' Employment

Plaintiffs next argue that they are entitled to a new trial because "Defendants proffered no

material evidence that established a valid reason for terminating the Hodges." Specifically, Plaintiffs argue that the evidence presented at trial showed that the Hodgeses were terminated for collaborating with the Sheedys regarding the government's investigation of Defendants.

Plaintiffs have not met their burden of showing that the jury's verdict "is clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark*, 565 F.3d at 762 (quoting *Anaeme*, 164 F.3d at 1284). At trial, Mr. Snelson testified that the Hodgeses' termination had nothing to do with their status as independent contractors or employees. (Snelson Trial Test. 302:20–303:8). Mr. Snelson also testified that he was not told that the Hodgeses had any contact with the State of Utah before the present lawsuit was filed. (*Id.* 305:1–3). And despite Plaintiffs' contentions in their motion for a new trial, Mr. Snelson denied being "concerned that Roseanna Hodges was an employee and not an independent contractor" based upon the State's investigations involving Mr. Sheedy. (*Id.* 276:15–21).

In addition, both sides presented evidence at trial showing that Airport Self Storage's revenue decreased when the Hodgeses managed that facility. From this evidence, the jury could infer that the Hodgeses were terminated due to performance issues.

In light of this evidence, the court is unable to conclude that the jury's findings regarding the wrongful termination of the Hodgeses' employment were "clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark*, 565 F.3d at 762 (quoting *Anaeme*, 164 F.3d at 1284). Thus, the court denies Plaintiffs' motion for a new trial on the Hodgeses' wrongful termination claim.

Similarly, Plaintiffs argue that the jury's verdict on the Sheedys' wrongful termination claims is not supported by any admissible evidence. But Plaintiffs do not point to any trial testimony or exhibits in support of this argument. Indeed, the Plaintiffs' arguments on this point

are so sparse that the court is left to wonder how or why the jury "got it wrong." Thus, the court is unable to conclude that the jury's findings regarding the Sheedys' wrongful termination claims were "clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark*, 565 F.3d at 762 (quoting *Anaeme*, 164 F.3d at 1284). It therefore denies Plaintiffs' motion for a new trial as to the jury's verdict on the Sheedys' wrongful termination claims.

### 3. The Jury's Deliberations

Finally, Plaintiffs argue that because "[t]he jurors . . . only deliberated for a very brief amount of time[,] . . . [c]ommon sense would indicate that they did not fulfill their duties in reviewing all of the documentation in order to come to a just verdict." In short, Plaintiffs argue that the jury had a duty to review all 600 pages of emails, along with the additional evidence introduced at trial, and that the jury should have deliberated for more than three hours.

Plaintiffs do not cite any controlling or persuasive authority in support of this argument. And other courts have recognized that "[w]e cannot hold an hour-glass over a jury. If the evidence is sufficient to support the verdict, the length of time the jury deliberates is immaterial." *Marx v. Hartford Accident & Indem. Co.*, 321 F.2d 70, 71 (5th Cir. 1963) (upholding jury verdict that was reached after fourteen minutes of deliberation); *Guar. Serv. Corp. v. Am. Emp'rs' Ins. Co.*, 893 F.2d 725, 729 (5th Cir. 1990) (upholding jury verdict that was reached after only ten minutes of deliberation). Plaintiffs have not established that the jury's verdict is clearly against the weight of the evidence. And the court cannot grant Plaintiffs a new trial simply because the jury did not deliberate for as long as Plaintiffs contend it should have.

### CONCLUSION

Based on the foregoing, the court DENIES Plaintiffs' Motion for New Trial or to Amend the Judgment (Docket 404).

DATED this 2nd day of August, 2016.

BY THE COURT:

_____
Judge Jill N. Parrish
United States District Court